UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~

In re
**WAYNE S. LOPES**,                                                  Chapter 13
   Debtor                                                   Case No. 08-12008-JNF

~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

The matter before the Court is the Objection of the Workers' Compensation Trust Fund (the "Fund") to the Debtor's Chapter 13 Plan on the grounds that the Debtor is solvent and has assets with which to pay creditors. The Court heard the Objection and the Debtor's Response on June 26, 2008. At the conclusion of the hearing, the Court ordered the Debtor to filed an amended Official Form 22C.

The Debtor filed a voluntary Chapter 13 petition on March 21, 2008. With his petition, he filed a Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form 22C), and a Chapter 13 plan, as well as Schedules and a Statement of Financial Affairs.

On Schedule A - Real Property, the Debtor listed his home located at 96 Duffy Drive, Taunton, Massachusetts (the "Taunton property") which he owns with his non-debtor spouse as tenants by the entirety. On Scheduled D - Creditors Holding Secured Claims,

1

the Debtor listed Brookline Savings Bank with a claim secured by an automobile and Wells Fargo Financial Bank with a mortgage on the Taunton property in the amount of $120,000. On Schedule F - Creditors Holding Unsecured Nonpriority Claims, the Debtor listed five creditors including the "Worker Compensation Fund," with by far the largest claim in the sum of $166,782.12.

On Schedules I and J - Current Income and Expenditures of Individual Debtor(s), the Debtor reported that his average monthly income and that of his spouse total $5,273.83, and that his expenses total $5,069.25, including a monthly mortgage expense of $1,546.94 and a monthly expense for cigarettes of $410.

The Debtor's Form 22C revealed that he is an above-median income debtor with an applicable commitment period of five years and that his disposable income is determined under 11 U.S.C. § 1325(b)(3). In Part I of Form 22C, the Debtor reported his average income from all sources derived during the six calendar months preceding the filing from gross wages, salary, tips, bonuses, overtime and commissions as $5,377.71. He reported his non-debtor spouse's monthly income from "SSI" in the amount of $2,128.05. According to the Debtor, the couple's annualized income equaled $90,069.12. After the deduction of expenses under the National and Local Standards in the sum of $4,429.97, an additional expenses deduction of $33.05 for "[a]dditional food and clothing expense," a secured debt payment for an automobile in the sum of $266.44, and a Chapter 13 administrative fee of $277.03, the Debtor reported monthly disposable income of $2,498.67. The Debtor did not take a deduction for payment of the mortgage on the Taunton property.

The Debtor filed a 60-month plan pursuant to which he proposed a monthly plan payment of $198, resulting in a 6% dividend to unsecured creditors. The Debtor proposed to make post-petition payments directly to his two secured creditors whose payments were current as of the petition date.

As noted above, the Fund objected to confirmation of the Debtor's plan on grounds that the Debtor could pay more to unsecured creditors. It stated:

> The debtor, who demonstrates a net profit in monthly income proposes to repay to the Workers' Compensation Trust Fund a mere 6% of the total claim over 60 months which the Workers' Compensation Trust Fund suggest [sic] is totally inadequate given the debtor's financial position. Further, the debtor seeks to extend the time pursuant to § 1322(d) which is un-necessary [sic] and serves only to further delay the collection of a valid obligation which was incurred in October 1991.

At the hearing, the Fund asserted that the Debtor could contribute $410 more per month to creditor repayment if he quit smoking.

On July 3, 2008, following the hearing on the Fund's Objection, the Debtor filed an Amended Form 22C, showing monthly disposable income of $374.62. On his Amended Form22C, he reported average monthly income of $4,746.64 for the six months preceding the filing, a sum $641.07 less than he reported in his original Form 22 C. Instead of reporting his wife's income as income from SSI, he reported it as pension and retirement income in the amount of $2,128.05. On Amended Form 22C, the Debtor claimed $916.95 as a marital adjustment, broken down as follows: $410 for cigarettes, $117.27 for "Fed Tax," $50 for a gravestone, $45 for hair care, $288.16 for insurance and $6.52 for life insurance. The Debtor reported annualized income of $71,372.88 for purposes of 11 U.S.C. § 1325(b)(3)

and total deductions of $5,573.12, including $1,926.32 for total debt payments. Additionally, he claimed in Part VI of Amended Form 22C, captioned "Additional Expense Claim," $497.11 for commuting expenses under 11 U.S.C. § 707(b)(2)(A)(ii)(I).  *See* 11 U.S.C. § 1325(b)(3).

The Fund did not filed a further objection to confirmation of the Debtor's plan based upon Amended Form 22C in which the Debtor listed cigarette expenses as part of a claimed marital adjustment.

In In re Louviere, 389 B.R. 502 (Bankr. E.D. Tex. 2008), the court stated:

> [A] challenge to the allocation of household expenses between a debtor and a non-filing spouse remains viable by: (1) bringing a disposable income objection to test the validity of the marital adjustment taken in the calculation of "current monthly income;" or (2) challenging the good faith of the debtor in otherwise proposing a plan in which she is absorbing more than her fair share of the household expenses.

Id. at 510.  If challenged, the Chapter 13 debtor must demonstrate that the bankruptcy estate has not assumed responsibility for a disproportionate share of the reasonable household expenses.  Id.

In In re Hoskins, No. 07-13785-RMG,  2008 WL 2235350 at *3 (Bankr. E.D. Va. May 29, 2008), the court observed:

> In Form 22C, the debtor reports both her and her spouse's income, regardless of whether the case is jointly filed. Then, to figure current monthly income, the debtor is allowed to take a marital adjustment (Part III, line 19) for a non-debtor spouse's income that is not paid on a regular basis to the household expenses of the debtor or her dependents.

Id.  The court added:

> In a § 1325(b)(1)(B) objection, the objecting party "has, at a minimum, the

4

initial burden of producing satisfactory evidence to support the contention that the debtor is not applying all disposable income to plan payments."

Id. (citations omitted).

As an above-median income debtor, the Debtor was required to utilize Official Form 22C for his expenses to determine his disposable income. *See* 11 U.S.C. § 1325(b)(2) and (3) ("Amounts reasonably necessary to be expended under paragraph (2) . . . shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)," if the debtor is an above median income debtor.). *See* In re Phillips, 382 B.R. 153 (Bankr. D. Mass. 2008).

In view of the foregoing, the Court overrules the Fund's Objection to Confirmation based upon the monthly cigarette expense listed on Debtor's Schedule J. The Fund failed to satisfy its burden under the test articulated by the court in Hoskins. Although the disparity in income reported by the Debtor on his original Form 22C and his Amended Form 22C raises questions as to the Debtor's ability to make a larger plan payment, and the Debtor was not asked to support his commuting expenses of $500 with competent evidence, in the absence of a cogent objection under 11 U.S.C. § 1325(b), the Court accepts the Debtor's Amended Form22C.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated:   August 21, 2008